UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHON BOSCO,

    Plaintiff,

v.                               Case No. 15-cv-12453

FLEX-N-GATE, ROYAL OAK, LLC,

    Defendant.
_____/

**ORDER OF DISMISSAL**

On July 9, 2015, Plaintiff Jonathon Bosco initiated this action in federal court against Defendant Flex-N-Gate, Royal Oak, LLC ("Flex-N-Gate") invoking the court's subject matter jurisdiction through diversity of citizenship. *See* 28 U.S.C. § 1332. On July 20, 2015, the court ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff timely responded. (Dkt. # 4.) Plaintiff also moved to file an amended complaint. (*Id.*)

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Title 28 U.S.C. § 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28

U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1332(a), the two requirements for diversity jurisdiction are (1) that the matter in controversy exceed $75,000.00, and (2) that complete diversity exist between the disputing parties.

In the instant case, Defendant is a limited liability company. "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Therefore, in order to determine Defendant's citizenship and, accordingly, whether the court has jurisdiction over this matter, "the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

The complaint does not allege the citizenship of Defendant's members. The court, therefore, ordered Plaintiff to show cause why this matter should not be dismissed for lack of jurisdiction. Plaintiff filed a response to the order to show cause in which he describes his efforts to identify Defendant's members and their citizenship. Plaintiff was able to identify one member, SRK Wilshire Investors, Inc., which had its address listed as 502 East Anthony Drive, Urbana, Illinois 31802 in a filing with the Michigan Department of Labor & Economic Growth in 2004. (Dkt. # 4-2, Pg. ID 23.) "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Plaintiff has not identified SRK Wilshire Investors' state of incorporation or its principal place of business; rather, Plaintiff has identified only an address at which service of process may be mailed. (Dkt. # 4, Pg. ID

2

23.)  The court, therefore, is unable to determine the citizenship of SRK Wilshire Investors and, accordingly, the citizenship of Defendant.

Moreover, Plaintiff has failed to establish that SRK Wilshire Investors is the sole member of Defendant.  Plaintiff contends that it has performed due diligence in attempting to identify Defendant's citizenship and that, "based on information and belief, there are no members that affect this Court's diversity jurisdiction." (Dkt. # 4, Pg. ID 14.)  Plaintiff's response, however, does not persuasively demonstrate that SRK Wilshire Investors is Defendant's only member.  Plaintiff identified SRK Wilshire Investors from a filing with the Michigan Department of Labor & Economic Growth.  Plaintiff's inquiries with the Delaware Division of Corporations, its internet searches, and its searches on LexisNexis Comprehensive Search revealed no members, not even SRK Wilshire Investors. (Dkt. # 4, Pg. ID 14.)  These latter searches do not reflect Defendant's membership on their face, as a limited liability company must have at least one member.  The Michigan filing also did not purport to be a comprehensive list of members; it merely stated the name and address of Defendant's agent appointed for service of process. (Dkt. # 4-2, Pg. ID 23.)  Plaintiff ultimately has provided the court with no basis for concluding that SRK Wilshire Investors is Defnedant's only member.

Plaintiff insists that he should be permitted to conduct discovery for the purpose of determining discovery because Defendant's information is not readily available to the public.  It is within a district court's discretion to grant "jurisdictional discovery" for the limited purpose of determining whether it has jurisdiction.  *See Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1148 (5th Cir. 1985) ("[J]urisdictional discovery is within the trial court's discretion and will not be disturbed ordinarily unless there are unusual circumstances

showing a clear abuse." (internal quotation marks omitted)); *A.O. Smith Corp. v. United States*, 774 F.3d 359, 369 (6th Cir. 2014) (stating that the Sixth Circuit review for abuse of discretion a claim that a case was dismissed prematurely because jurisdictional discovery should have been afforded"). However, here, the court finds that Plaintiff is not entitled to jurisdictional discovery because Plaintiff has not diligently attempted to carry its burden of establishing jurisdiction. First, Plaintiff has not asked Defendant for information related to its members or its citizenship. Pursuant to Eastern District of Michigan Local Rule 7.1(a), a party must seek concurrence before filing a motion with the court. While Plaintiff's request for jurisdictional discovery is not fashioned as a motion, the court finds that an order compelling jurisdictional discovery is unwarranted where Plaintiff has not sought to obtain the requested information from Defendant through non-judicial means. Second, Plaintiff has not attempted to plead the state of incorporation or the principal place of business of the one member of Defendant that Plaintiff has identified. Under these circumstances, the court will not subject Defendant to the burdens of discovery.[1]

Plaintiff also moves to file an amended complaint which attempts to allege diversity jurisdiction by including the statement, "[b]ased on information and belief, there are no members of Defendant limited liability company that would remove effect this Court's diversity jurisdiction [sic]." (Dkt. # 4-3, Pg. ID 34.) The proposed amended

---

[1] The court further notes that Plaintiff should have been particularly cognizant of its obligation to allege Defendant's citizenship given that Plaintiff is a Michigan citizen and Defendant's name includes a major Michigan city ("Royal Oak"), Defendant operates in Michigan, and one of the two addresses listed on its website (which is referenced in Plaintiff's response) is located in Warren Michigan. *See* Flex-N-Gate Debarments, http://www.flex-n-gate.com/Departments.html#ContactUs. (Dkt. # 4, Pg. ID 14.)

complaint does not cure the jurisdictional defects discussed above and will, therefore, be denied.

In sum, the court ordered Plaintiff to show cause on or before July 20, 2015 why this action should not be dismissed for lack of subject matter jurisdiction (Dkt. # 3.), and Plaintiff has not established that the court has jurisdiction over this matter. Accordingly,

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Complaint is DENIED.

                                            S/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: September 8, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 8, 2015, by electronic and/or ordinary mail.

                                            S/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522